# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA FORESTKEEPER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN ELLIOTT, et al.,<br><br>Defendants. | 1:13-cv-01721 AWI JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Answer:   1/3/2014<br><br>Administrative Record Deadlines:<br>        Filing:  1/24/2014<br>        Informal objections:  2/7/2014<br><br>Dispositive Motion Deadlines:<br>        Plaintiff's Opening Brief: 2/28/2014<br>        Defendant's Opposition /Cross motion: 3/28/2014<br>        Plaintiff's Reply/Opposition to Cross Motion: 4/11/2014<br>        Defendant's Reply to Cross Motion: 4/25/14<br>        Hearing:  6/16/14[1], 1:30 p.m. |

**I.     Date of Scheduling Conference**

December 9, 2013.

**II.    Appearances of Counsel**

Rene Voss appeared on behalf of Plaintiffs.

---

[1] This is not a date proposed by the parties. However, Judge Ishii needs at least a seven-week interval between the date of the last filing and the hearing date. If this is not acceptable to the parties, they may contact the Court at 661-326-6620 to set a telephonic conference to discuss the matter further. While the parties are absolutely free to decline Magistrate Judge jurisdiction, the Magistrate Judge would be able to hear the matter within the time period proposed by the parties. Otherwise, to preserve the proposed hearing date, Plaintiffs' motion for summary judgment would have to be filed no later than January 20, 2014.

1

Stuart Gillespie appeared on behalf of Defendants.

### III. Information Concerning the Court's Schedule

Out of fairness, the Court believes it is necessary to forewarn litigants that the Fresno Division of the Eastern District of California now has the heaviest District Court Judge caseload in the entire nation. While the Court will use its best efforts to resolve this case and all other civil cases in a timely manner, the parties are admonished that not all of the parties' needs and expectations may be met as expeditiously as desired. As multiple trials are now being set to begin upon the same date, parties may find their case trailing with little notice before the trial begins. The law requires that the Court give any criminal trial priority over civil trials or any other matter. The Court must proceed with a criminal trial even if a civil trial was filed earlier and set for trial first. Continuances of any civil trial under these circumstances will no longer be entertained, absent a specific and stated finding of good cause. All parties should be informed that any civil trial set to begin during the time a criminal trial is proceeding will trail the completion of the criminal trial.

The parties are reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action. A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The same jury pool is used by both United States Magistrate Judges and United States District Court Judges. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit. However, the parties are hereby informed that no substantive rulings or decisions will be affected by whether a party chooses to consent.

Finally, the Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial. **Within 10 days** of the date of this order, counsel

**SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

### IV. Pleading Amendment Deadline

The parties do not anticipate that need to amend any pleading.

### V. Administrative record

Defendants **SHALL** file the administrative record no later than **January 24, 2014**. Due to the voluminous nature of the record, Defendants need not provide a courtesy paper copy but **SHALL** provide a searchable, electronic copy to the chambers of Judge Ishii. **Moreover, the parties SHALL file excerpts of the record in connection with their motion/cross motion for summary judgment.**

Informal objections to Defendants **SHALL** be lodged no later than **February 7, 2014**. In the event the objections cannot be resolved informally, a motion to amend the record SHALL be filed no later than **February 28, 2014** and heard no later than **March 28, 2014.**

No objections or motion to supplement shall be filed without the prior approval of the assigned Magistrate Judge. Plaintiff **SHALL** confer with the opposing party in a good faith effort to resolve the issues in dispute. If that good faith effort is unsuccessful, Plaintiff promptly **SHALL** seek a telephonic hearing with all involved parties and the Magistrate Judge. It is the obligation of Plaintiff to arrange and originate the conference call to the Court. To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov.

### VI. Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion **at least 14 days prior** to the filing of the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

**In addition to the requirements of Local Rule 260**, the moving party **SHALL** file a <u>joint statement</u> of undisputed facts and each party **SHALL** file excerpts of the record which are cited in each party's briefs.  **<u>The parties are strongly encouraged to file a joint excerpt</u>**.

In the notice of motion, the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

Each side may file briefs **<u>not to exceed 35 pages in total</u>**.  They have the discretion to choose how to divide the page allotment between the opening/responsive brief and the reply brief.  The parties **SHALL** provide a courtesy copy of the briefs and excerpts of the record to Judge Ishii's chambers at the time of the filing.

The briefing scheduling for the motion/cross motion for summary judgment is as follows:

1. **No later than February 28, 2014**, Plaintiffs SHALL file their motion for summary judgment;

2. **No later than March 28, 2014**, Defendant SHALL file their cross-motion for summary judgment and responsive brief;

3. **No later than April 11, 2014**, Plaintiffs SHALL file their responsive brief and reply brief;

4. **No later than April 25, 2014**, Defendant may file their reply brief;

The motions will be heard **no later than June 16, 2014 at 1:30 p.m.** before Judge Ishii.

**VII.** **<u>Settlement Conference</u>**

The parties do not seek a settlement conference at this time.  If, in the future, the parties determine a settlement conference is likely to be fruitful, they may file a joint request for the Court to schedule a settlement conference.  The request SHALL propose dates for the conference.

**VIII.** **<u>Compliance with Federal Procedure</u>**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern

District of California.

## IX. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **December 9, 2013**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE